McKinney, J,
delivered the opinion of the Court.
This was an action of trespass quare clausum fregit, for an alleged trespass upon the lands of the plaintiff, who is a minor.
. The facts are, that the defendant entered upon the land, under a verbal lease, for three years, from the former guardian of the plaintiff. And the question is, whether or not the defendant’s entry and possession, under such lease, is a good defence to the' action. His honor, the Circuit Judge, held that it was; and verdict and judgment were for the defendant.
The act of 1762, chap. 5, sec. 13, declares that “ no. guardian shall let or farm out any land belonging to any orphan for a longer term than the orphan be of age, or in any other manner than by lease in writing; *23 and that special care be bad that the tenant shall improve the plantation, and that he or she keep the houses, orchards, and fences thereon, or that shall be erected on the same, in good and sufficient repair, and leave the same so at the expiration of such lease; and that provision be made in such lease for preventing all kind of waste, and employing any timber to any other use than the immediate use of the plantation.”
It is a general principle of law, that every contract prohibited by statute, is void. Within this principle, the verbal lease set up by the defendant, clearly falls. This being so, it is too plain to admit of discussion, that the defendant cannot justify or excuse the trespass under the color of a' contract expressly interdicted by law.
Having entered and retained possession of the premises without any lawful authority, and by implied force, he stands upon the footing of a mere trespasser.
ITis honor erred in holding that the statute was merely directory to the guardian. We hold it to be imperative upon him. And the objects and policy of the statute are of too much importance to the community to admit of any relaxation in its construction.
Judgment reversed.